**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN; and IRON WORKERS LOCAL NO. 577 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, | |
| Plaintiffs, | |
| vs. | Case No.: 1:25-cv-1430 |
| REIGN CONSTRUCTION LLC, an Illinois Limited Liability Company; | |
| Defendant. | |

**COMPLAINT**

NOW COME the Plaintiffs, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively, the "Trust Funds"), and IRON WORKERS LOCAL NO. 577 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL, AND REINFORCING IRON WORKERS ("Local 577"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, REIGN CONSTRUCTION LLC ("Reign Construction"), and in support allege as follows:

**JURISDICTION AND VENUE**

1.      Counts I and II of this action arise under Sections 502 and 515 of the Employee Retirement

Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor Management Relations Act of 1947, as amended, (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that Defendant is located within the jurisdiction of the United States District Court for the Central District of Illinois.

### PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to a collective bargaining agreement ("CBA") between Local 577 and the Area Bargaining Unit, and therefore, are multi-employer benefit plans as defined by 29 U.S.C. § 1002.

4. The Trust Funds were established and are administered pursuant to the terms and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. Local 577 is a labor organization located in Keokuk, Iowa, and is part of the Iron Workers St. Louis District Council.

7. Defendant Reign Construction is an Illinois Limited Liability Company with its principal place of business in Peoria, Illinois.

### FACTS COMMON TO ALL COUNTS

8. Reign Construction is an employer engaged in an industry affecting commerce.

9. Reign Construction is signatory to a Participation Agreement with the Trust Funds. (A

copy of the Participation Agreement is attached hereto as **Exhibit 1**).

10. Reign Construction is also signatory to a CBA with Local 577. (A copy of the CBA is attached hereto as **Exhibit 2**).

11. Through the CBA and Participation Agreement, Reign Construction became bound by the provisions of the Trust Funds' Trust Agreements.

12. Pursuant to the provisions of the CBA and Trust Agreements, Reign Construction is obligated to make monthly reports of hours worked by its covered employees and pay fringe benefit contributions to the Trust Funds and certain contributions and wage deductions to Local 577 at the negotiated rates.

13. Pursuant to the powers granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted the Audit and Collection Policy and Procedures ("Audit/Collection Policy"), which governs the collection of employer contributions and payroll compliance audits. (A copy of the Audit/Collection Policy is attached as **Exhibit 3**).

14. Pursuant to Section 502(g)(2) of ERISA, the Trust Agreements, and the Audit/Collection Policy, employers that fail to submit their monthly contribution reports and contributions to the Trust Funds by the fifteenth (15th) day (or the next business day thereof) of the month immediately following the month in which the work was performed, a one-time charge of ten percent (10%) ("liquidated damages") is assessed against all delinquent contributions and interest accrues at the rate of one and a half percent (1.5%) per month from the original due date is charged until the contributions are paid in full.

## COUNT I
## BREACH OF CONTRACT - PAYROLL COMPLIANCE AUDIT

15. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-14 of this Complaint with the same force and effect as if fully set forth herein.

3

16. Pursuant to the CBA, Trust Agreements, and Collections/Audit Policy, signatory employers are required to furnish the Trustees, upon request, with information that the Trust Funds' auditors may require in order to determine the accuracy of the contributions remitted by the employers.

17. Plaintiffs sought to audit Reign Construction pursuant to the CBA, Trust Agreements, and Audit/Collection Policy.

18. Plaintiffs' auditors, Ander Minkler Huber & Helm LLP (hereinafter, the "Auditors"), requested information from Reign Construction for the audit period of April 3, 2024, through present.

19. Plaintiffs have made repeated demands for Reign Construction to comply with the payroll compliance audit.

20. Reign Construction has failed to comply with the Auditors' requests to schedule the complete the payroll compliance audit.

21. Reign Construction is obligated to pay any contribution and wage deduction deficiencies revealed by the payroll compliance audit, along with the resulting liquidated damages, interest, and audit fees.

22. Plaintiffs have been required to employ the undersigned attorneys to compel Reign Construction's compliance with the audit.

23. Plaintiffs have complied with all conditions precedent in bringing this suit.

24. Reign Construction is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, Trust Agreements, Audit/Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. This Honorable Court enter an Order requiring Defendant to produce all records necessary for the Auditors to complete a payroll compliance audit of Reign Construction for the period of April 3, 2024, through present;

B. Judgment be entered in favor of Plaintiffs and against Defendant Reign Construction in an unknown amount for the contributions revealed to be due and owing by the payroll compliance audit for the period of April 3, 2024, through present;

C. Judgment be entered in favor of Plaintiffs and against Defendant Reign Construction in an unknown amount for the liquidated damages revealed to be due and owing by the payroll compliance audit for the period of April 3, 2024, through present;

D. Judgment be entered in favor of Plaintiffs and against Defendant Reign Construction in an unknown amount for the interest revealed to be due and owing by the payroll compliance audit for the period of April 3, 2024, through present;

E. Judgment be entered in favor of Plaintiffs and against Defendant Reign Construction in an unknown amount for the audit fees revealed to be due and owing by the payroll compliance audit for the period of April 3, 2024, through present;

F. Judgment be entered in favor of Plaintiffs and against Defendant Reign Construction for any other contributions, payroll deductions, liquidated damages, and/or interest found to be due and owing in addition to the those referenced in paragraphs B through E above;

G. Defendant Reign Construction be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBA, Trust Agreements, Audit/Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

H. Plaintiffs have such other and further relief as the Court may deem just and equitable all at

Defendant Reign Construction's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT - DELINQUENT CONTRIBUTION REPORTS

25. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-24 of this Complaint with the same force and effect as if full set forth herein.

26. Reign Construction failed to file its monthly contribution reports for the months of May 2024 through present, and therefore owes Plaintiffs unpaid contributions, liquidated damages, and interest in an unknown amount.

27. Reign Construction has a continuing obligation to remit contributions and wage deductions to Plaintiffs and, as a result, additional monies may be owed.

28. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Defendant.

29. Reign Construction is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, Trust Agreements, Audit/Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. This Honorable Court order Defendant Reign Construction to produce all contribution reports for the months of May 2024 to present and pay the corresponding contributions, wage deductions, liquidated damages, and interest revealed to be due and owing, if any;

B. Judgment be entered in favor of Plaintiffs and against Defendant Reign Construction for any other contributions, wage deductions, liquidated damages, and interest found to be due and owing in addition to those referenced in Paragraph A above;

C. Defendant Reign Construction be ordered to pay the reasonable attorneys' fees and costs

   incurred by Plaintiffs pursuant to the CBA, Trust Agreements, Audit/Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

D. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant Reign Construction's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

              Respectfully submitted,

              **IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST** *et al.*

              /s/ Joseph E. Mallon
              Joseph E. Mallon (6280529)
              JOHNSON & KROL, LLC
              11611 N. Meridian Street, Suite 310
              Carmel, IN 46032
              Phone: (317) 218-4779
              Fax: (312) 255-0449
              mallon@johnsonkrol.com

              *Attorney for Plaintiffs*